```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**HERCULES C. METCALFE,**

          **Petitioner,**

    v.                              CASE NO.  11-3148-SAC

**KANSAS ATTORNEY GENERAL,**

          **Respondent.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Chase County Jail, Cottonwood Falls, Kansas.  The filing fee has been paid.  Having considered te petition and Supplement (Doc. 2) filed by petitioner, the court finds as follows.

Mr. Metcalfe alleges that he was convicted in the Morris County District Court, Council Grove, Kansas, in four different criminal cases.  It appears from on-line offender records and petitioner's exhibits of Complaint/Information documents that in Case No. 08-CR-21 he was convicted of theft and sentenced on February 3, 2009; and that he is currently in custody on this conviction.  This offense occurred on or about November 25, 2007.  Petitioner adds the vague statement that "case is pending probation revocation."  In Case No. 08-CR-39, Mr. Metcalfe alleges that he was convicted of four arson charges including arson of a dwelling, and adds "case still pending sentencing."  These offenses occurred on or about September 23, 2007.  In Case No. 08-CR-40, he was convicted of burglary of a non-dwelling and adds that this is "pending sentencing."  This offense occurred on or about November 3, 2007.  In Case No. 08-CR-42, he was convicted of arson of a dwelling, and adds "pending sentencing."

This offense occurred on or about November 5, 2007. Petitioner alleges that "all pending sentencing is scheduled for September 6, 2011."

The grounds for Mr. Metcalfe's petition are not clearly stated, and no facts are alleged in support. Petitioner makes the contradictory statements in his petition that he was convicted by a jury and that his court-appointed attorney "coherst (sic)" him into taking a plea agreement. He also makes conclusory allegations that his evidence and witnesses "were never brought forth in the court." In his attachments, petitioner appears to be complaining about a sentencing grid that was used by his attorney. It is also claimed by his wife, who indicates she helped him complete this petition, and in other exhibits that Mr. Metchalfe did not commit the crimes. Petitioner seeks release from custody and "proper convictions of the actual crimes."

A person convicted in state court may challenge his convictions in federal court by filing a petition pursuant to 28 U.S.C. § 2254. However, before an inmate may proceed with a § 2254 petition in federal court, he must have properly and fully exhausted all remedies available in the state courts. 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in

a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. That means that all petitioner's claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

    Mr. Metcalfe admits that he did not directly appeal any of his convictions.[1] He states that he wanted to appeal but his court-appointed attorney would not assist him. He also states that he has not sought further review and has not filed any action concerning these convictions in the state courts. It appears that at this time, Mr. Metcalfe must seek to file a late appeal or appeals in the state courts, if available. If not available, he must seek post-conviction relief, such as by filing a motion or motions pursuant to K.S.A. 60-1507, in the state district court in which he was convicted. If relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief he must file a Petition for Review in the Kansas Supreme Court. The court finds that petitioner has made no showing that he exhausted any state court remedies on his claims.

    Mr. Metcalfe does not show that state court remedies are unavailable or ineffective. To the contrary, he states that a

---

[1] Statements made by Mr. Metcalfe in his exhibits suggest that he may have absconded prior to being sentenced for the offenses committed in 2007, which would have made it difficult to directly appeal. He does not allege that he sought to file a late appeal.

3

sentencing proceeding is scheduled, which might give him some opportunity to raise his claims or to seek a direct appeal after those proceedings. Accordingly, the court finds that this action must be dismissed, without prejudice, for failure to exhaust state court remedies.

The court cautions Mr. Metcalfe that a one-year statute of limitations applies to federal habeas corpus petitions, which may have already expired in his case.[2] For that and other reasons, he would be well-advised to immediately proceed diligently to exhaust all available state court remedies.

Mr. Metcalfe is also advised that generally a habeas petitioner may not challenge convictions for offenses committed on different dates and tried at different proceedings in a single federal habeas corpus petition. Thus, if he seeks habeas relief in federal court after he has exhausted his state court remedies, he must file a separate federal petition for each state criminal case.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed, without prejudice, on account of petitioner's failure to exhaust state court remedies.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2011, at Topeka, Kansas.

---

[2] This court does not have sufficient facts before it at this time to determine whether or not the federal statute of limitations has expired in this case, and is not obliged to make that determination at this juncture.

<u>s/Sam A. Crow</u><br>U. S. Senior District Judge